# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN C. REED, *individually, and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN MOORE & CO.,<br><br>Defendant. | Case No. 1:25-cv-00214-SAB<br><br>ORDER ADVISING PARTIES TO CONSIDER WHETHER TO CONSENT TO THE JURISDICTION OF A MAGISTRATE JUDGE<br><br>**THREE-DAY DEADLINE** |

On February 18, 2025, Defendant Benjamin Moore & Co. removed this action from California Superior Court, Fresno County. (ECF No. 1.) On March 20, 2025, Plaintiff Ian C. Reed filed a motion to remand. (ECF No. 12.) The motion has been fully briefed, and the Court held a hearing on the matter on April 23, 2025. (ECF Nos. 13, 15, 16.)

Following amendment of the Local Rules effective March 1, 2022, a certain percentage of civil cases are directly assigned to a Magistrate Judge only, with consent or declination of consent forms due within 90 days from the date of filing of the action. L.R. App. A(m)(1). This action has been directly assigned to a Magistrate Judge only, and neither party has yet filed a notice of consent. If the parties consent, the Court will be able to directly issue an order regarding the motion to remand. If the parties do not consent, the Court will issue a findings and recommendation, which may be adopted, modified, or rejected by a District Judge following a fourteen-day objection period. 28 U.S.C. 636(b)(1)(C).

For the parties' benefit, the Court observes that "[j]udges in the Eastern District of California carry the heaviest caseloads in the nation." Rush Air Sports, LLC v. RDJ Grp. Holdings, LLC, No. 1:19-cv-00385-LJO-JLT, 2019 WL 4879211, at *1 (E.D. Cal. Oct. 3, 2019); Pizana v. SanMedica Int'l, LLC, No. 1:18-cv-00644-DAD-SKO, 2020 WL 469336, at *7 n.8 (E.D. Cal. Jan. 29, 2020); see also Hon. Lawrence J. O'Neill, et al., An Important Letter to Congress from the Judges of the Eastern District of California Regarding Our Caseload Crisis, (June 19, 2018) https://www.caed.uscourts.gov/caednew/index.cfm/news-archive/important-letter-re-caseload-crisis/ (noting that in 2018, "[e]ach District Judge handles an average of approximately 900 cases at any given time, more than double the nationwide average").

Therefore, the Court advises the parties "to []consider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties." Rush Air, 2019 WL 4879211, at *1; see 28 U.S.C. 636(c)(2). That said, the parties "are free to withhold consent without adverse substantive consequences." 28 U.S.C. 636(c)(2).

Accordingly, the Court HEREBY ORDERS that the parties shall have **three (3) days** from the entry of this order to consider whether to consent to the jurisdiction of a Magistrate Judge. If a party would like to consent, they are directed to file a notice indicating as such. If either party does not file a notice of consent within three days, the Court will construe that as withholding consent. Again, either party is "free to withhold consent without adverse substantive consequences." Id.

IT IS SO ORDERED.

Dated:    **April 23, 2025**

STANLEY A. BOONE
United States Magistrate Judge